**ALD-217**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2225
_____

STEVEN D'AGOSTINO,
                                                                Appellant

v.

CECOM RDEC,
Fort Monmouth, US Army

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-04558)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed: July 11, 2011)
_____

OPINION
_____

PER CURIAM

        Steven D'Agostino appeals from the orders of the United States District Court for

the District of New Jersey, which dismissed his complaint and denied his motion to

reconsider and to file an amended complaint.  We will affirm.

D'Agostino's complaint and proposed amended complaint set forth his allegations of the underlying facts in great detail, but we will summarize them here. D'Agostino named as the defendant CECOM RDEC, which he identified as the United States Army Research & Development Center at the Communication Electronics Command, located in Fort Monmouth, New Jersey. In 1988, D'Agostino became a civilian employee of the United States Army as an Electronics Engineer/Computer Scientist. In July 2000, he completed an electronic questionnaire form, the SF86, for a routine security clearance re-investigation by the Central Clearance Facility ("CCF"). Later that year, D'Agostino was assigned a new supervisor, with whom D'Agostino began having occasional disagreements concerning his work schedule and office space. Then in November 2001, the CCF made a preliminary determination to suspend D'Agostino's security clearance because it could not verify information relating to D'Agostino's responses to two questions on the SF86 concerning financial delinquencies, which D'Agostino explained during an interview with a CCF investigator as being related to credit card disputes. D'Agostino was allowed sixty days to provide his own documentation and to establish his honesty in his responses to the SF86 and to the CCF investigator. However, on the sole ground of having provided an "intentional false answer on an official document," D'Agostino was given notice of proposed termination, and ultimately, he was terminated from his job, effective March 4, 2002. D'Agostino retained an attorney, who filed an administrative grievance on his behalf. When the grievance was denied, the matter proceeded to arbitration.

Meanwhile, in April 2002, D'Agostino received a decision letter from the CCF revoking his security clearance. According to D'Agostino, the decision stated that the CCF no longer questioned his honesty, but it revoked his security clearance on another basis. Through his attorney, D'Agostino pursued an appeal with the Defense Office of Hearings and Appeals ("DOHA"). The hearing occurred in August 2002, with a decision expected within six to eight weeks.

D'Agostino's employment termination hearing occurred in December 2002. CECOM's attorney argued to the arbitrator that D'Agostino's job should not be restored regardless of the SF-86 falsification issue, because his security clearance had been revoked. By D'Agostino's account, his attorney did not present an effective case. In March 2003, D'Agostino received notification that the arbitrator had decided against him. D'Agostino stated that he had been led to believe that he could then contest the decision in court, but his attorney informed him that the arbitration decision was binding. Within a few days of receiving the decision, D'Agostino himself wrote to the arbitrator, explaining that he was not properly represented at the hearing, and arguing the merits of his case. His attorney later told him that the arbitrator had instructed the attorney to tell D'Agostino to discontinue contacting her directly. For the next year and a half, D'Agostino attempted to obtain the result of the DOHA hearing concerning his security clearance, finally receiving a copy of the favorable decision in July 2004. The DOHA found that D'Agostino's responses on the SF-86 were incorrect but not deliberate or deceitful.

D'Agostino then consulted with several attorneys who did not practice federal employment law but who, as D'Agostino described, gave their "best guess" advice that he would need to establish his prior attorney's incompetence before he could sue the Army to reinstate his job. Thus, he pursued a pro se malpractice case in state court against his former attorney. In May 2009, he obtained a jury verdict in his favor, with a judgment awarded in the amount of $330,000 (nearly $400,000 after accounting for interest). However, his prior attorney was uninsured, and he could not recover his judgment. D'Agostino then contacted CECOM's attorney, asking whether the agency would reverse its decision and reinstate his job, in light of the information showing that, but for his former attorney's negligence, he would have won the arbitration case. CECOM's attorney responded, denying any liability or the availability of any remedy to D'Agostino.

After his former attorney's state court appeals concluded, D'Agostino attempted to obtain legal representation to pursue a federal court lawsuit against the Army. Ultimately, in September 2010, he filed his pro se complaint in District Court, asserting that the complaint was for wrongful termination of civilian federal employment, and stating, "I am seeking the intervention of the Federal Labor Relations Authority, to correct a grave injustice which I have been fighting for over the past 8 years now." (Complaint ¶1.) In his introductory paragraph, he stated that he sought damages relief, but he concluded his complaint by also seeking restoration of his former employment position, along with compensation for back pay and lost benefits, as well as having his

record cleared of negative information relating to his termination. His asserted legal theories regarding the Army's liability were, in summary, (1) that the Army's action to have him removed from employment was unwarranted, and he would have won the arbitration case if it were not for his former attorney's negligence; (2) the arbitration award should not be binding on him because he was unaware that it was binding and that he did not knowingly waive any rights to sue; and (3) despite the passage of eight years since he was removed from his job, he worked diligently to prove that the arbitration award is unjust.

The District Court granted D'Agostino's application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915. The District Court dismissed the complaint for failure to state a claim, noting that D'Agostino's claims were already resolved in a binding arbitration proceeding, and that D'Agostino failed to contest the validity of the arbitration award. The District Court also noted that D'Agostino was barred from bringing his eight-year old claims to court. D'Agostino filed a timely motion for reconsideration and submitted a proposed amended complaint, clarifying, among other things, that he was not an at-will employee and had union representation under the terms of a collective bargaining agreement, and that the termination of his employment violated the terms of the collective bargaining agreement. He explained that he did not request an exception to the arbitration award within the applicable thirty-day period because he was unaware of that available remedy until many years later. He also argued that his complaint was not time-barred in light of the judgment against his former

5

attorney being entered in 2009. The District Court denied D'Agostino's motion for reconsideration, rejecting the timeliness argument as irrelevant in light of the fact that the underlying matter had been resolved in a binding arbitration proceeding.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). When reviewing a complaint dismissed under § 1915(e)(2)(B), we apply the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See id. Thus, we are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (review of a Rule 12(b)(6) dismissal) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). Generally, we also review an order denying a motion for reconsideration for abuse of discretion, but to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary. See Lewis v. Chrysler Corp., 949 F.2d 644, 648 & n.4 (3d Cir. 1991) (exercising plenary review of denial of motion to reconsider Rule 12(b)(6) dismissal).

For substantially the same reasons given by the District Court, we agree that the complaint failed to state a claim, and that further amendment of the complaint would be futile. As we understand it, D'Agostino's complaint for wrongful termination is in fact a

6

challenge to the March 2003 arbitrator's award. By his own averments, D'Agostino acknowledged that the matter was resolved within the context of the administrative procedures applicable for his collective bargaining unit as a federal employee, that he did not file an exception to the arbitrator's award within thirty days, and that the award is binding.[1] Although D'Agostino alleged that he was unaware of the binding nature of the arbitration, or that he could file an exception, or that he had no right try the case in court, he was represented by an attorney in the arbitration proceedings. That the attorney to whom he entrusted his case failed to protect his interests in those proceedings does not provide a basis for relief in the present action. D'Agostino also asserted that the Army should be liable for monetary damages because he would have won the arbitration case but for his former attorney's negligence, and because he "never would have needed to hire that incompetent bum in the first place, if they hadn't terminated my employment." (Complaint ¶63.) Although he blamed the Army for his losses because they stem from the removal action, in essence, he sought to hold the Army liable for his damages that stem from his former counsel's errors because he cannot recover those damages from the malpractice judgment. He advanced no legal basis for that theory of the Army's liability, and we discern none. While we understand D'Agostino's distress and frustration, we agree with the District Court that he has not stated a claim for relief and cannot amend this complaint to do so.

---

[1] Though D'Agostino cited no federal law as the basis of the background of his complaint, it appears that by invoking the assistance of the Federal Labor Relations

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. We will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. The Clerk is directed to file D'Agostino's brief as a response regarding possible summary action in this appeal.[2]

Authority, he was referring to the administrative procedures under 5 U.S.C. § 7121-23.

[2] We have considered the arguments contained in D'Agostino's document in reaching our decision.